IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ROBERT LIGON,**

       **Petitioner,**

**v.**                                                                       **Case No. 1:18-cv-00057**

**BARBARA RICKARD, WARDEN**

       **Respondent.**[1]

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and Respondent's request for dismissal. (ECF Nos. 1, 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**; that Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

---

[1] Petitioner was incarcerated in Federal Correctional Institution McDowell ("FCI McDowell") in Welch, West Virginia when he filed the instant petition, and remains in custody at that institution. *See* BOP inmate locator at www.bop.gov/inmateloc/. As such, the warden of that institution has been substituted as the proper Respondent in this action rather than the United States.

I.   **Factual and Procedural Background**

On January 12, 2011, a federal grand jury, sitting in the Middle District of Tennessee, submitted an indictment charging Petitioner, Robert Ligon, ("Ligon") as a participant in a sprawling 28-member conspiracy. *United States v. Ligon*, No. 3:11-cr-00012-17 (M.D. Tenn. 2011) (hereafter "*Ligon I*") at ECF No. 202 at 2-3. The indictment alleged that the object of the conspiracy was to knowingly and intentionally distribute, and possess with the intent to distribute, Schedule II controlled substances, including 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 and §841(a)(1). *Id.* On August 9, 2012, the United States opened a separate criminal case against Ligon, filing a felony information alleging that, on or about August 11, 2010, Ligon knowingly possessed firearms after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and § 924. *United States v. Ligon,* No. 3:12-cr-00167-1 (M.D. Tenn. 2012) (hereafter "*Ligon II*") at ECF No. 1 at 1.

On August 20, 2012, Ligon entered into an agreement with the United States whereby he agreed to plead guilty to Count One of the indictment. *Ligon I,* at ECF No. 1154 at 7. Ligon also agreed to waive his right to be indicted by a grand jury on the weapons charge and plead guilty to illegally possessing a firearm as set forth in the information. *Id.* at 6. Ligon admitted that there was a factual basis for his guilty plea as to Count One, as he had knowingly and voluntarily joined a conspiracy to distribute controlled substances as alleged in the indictment. *Id.* at 9-16. In regard to the firearms charge, Ligon admitted that on August 11, 2010, Clarksville police officers searched an apartment occupied by Ligon and his girlfriend and found two firearms, $2,000 in cash, and multiple controlled substances. *Id.* at 17. Ligon admitted that he possessed the firearms despite his status as a convicted felon. He also agreed that neither firearm had been made in the State of

2

Tennessee; consequently, his possession of the firearms was in and affecting interstate commerce. *Id.*

In exchange for Ligon's guilty plea, the United States agreed to sentences of 180-months' imprisonment on Count One of the indictment and 120 months on the firearms conviction, to run concurrently with each other. *Id.* at 20. The negotiated sentences also imposed five years of supervised release on Count One and three years of supervised release on the firearms conviction, also set to run concurrently. *Id.* The plea agreement provided that if the sentencing judge refused to impose the agreed upon term of incarceration, either party could withdraw from the plea agreement. Lastly, the United States agreed not to seek an enhancement under 21 U.S.C. § 851, which would have increased Ligon's sentence to a mandatory minimum of 20-years imprisonment. *Id.* at 7 n.1.

Ligon's plea hearing and sentencing were simultaneously held on August 20, 2012 in the United States District Court for the Middle District of Tennessee. ("Sentencing Court"). *Ligon I,* at ECF No. 1983. At the hearing, Ligon affirmed that there was a sufficient factual basis to support his plea of guilty as to both charges. *Id.* at 7-10. After questioning Ligon, the Sentencing Court concluded that he was competent to enter a plea of guilty, that he understood the charges against him, and that he was entering into the plea agreement knowingly and voluntarily. *Id.* at 13. The Sentencing Court accepted the plea agreement and sentenced Ligon according to its terms. *Id.* at 14; *Ligon I,* at ECF No. 1155; *Ligon II,* at ECF No. 13. Ligon did not file an appeal.

In July 2013, Ligon filed a Motion to Vacate, Set Aside or Correct Sentence under § 2255 in the Sentencing Court. *Ligon v. United States,* Case No. 3:13-cv-00698 (M.D. Tenn. 2013) (hereafter "*Ligon III*"), at ECF No. 1. In the petition, Ligon argued that his

3

attorney had failed to file an appeal after Ligon specifically requested that his attorney do so. Furthermore, Ligon contended that he was entitled to a sentence reduction under § 3582(c)(2). *Id.* at 2, 4.

In August 2013, Ligon filed a second, separate motion requesting that his sentence be reduced pursuant to § 3582(c)(2). *Ligon I,* at ECF No. 1794. Ligon argued that a recent Sixth Circuit opinion established that the Fair Sentencing Act ("FSA"), which reduced the United States Sentencing Guidelines ("Guidelines") range for certain drug crimes, applied to his case and entitled him to a reduced sentence. *Id.* at 1-2. On September 5, 2013, the Sentencing Court denied Ligon's § 3582(c)(2) motion because, among other reasons, Ligon's sentence was not "based on" a Guidelines range subsequently lowered by the FSA. *Id.,* at ECF No. 1801.

On June 12, 2014, the Sentencing Court also denied the sentencing claim made in Ligon's § 2255 petition. *Ligon III*, at ECF No. 19 at 3. However, as to Ligon's claim that his attorney provided ineffective assistance of counsel in failing to file a requested appeal, the Sentencing Court determined that Sixth Circuit precedent mandated an evidentiary hearing be held to resolve a factual dispute over whether Ligon did in fact request an appeal. *Id.* at 4-5.

Ligon's evidentiary hearing was held on October 15, 2014 before a United States Magistrate Judge. *Id.* at ECF No. 37. At the hearing, Ligon testified that in July 2012, he and his attorney discussed a plea deal whereby Ligon would plead guilty to the conspiracy charge and receive a 15-year sentence in exchange for the firearms charge being dropped. *Id.* at 16-17. Ligon's attorney later informed Ligon that he had been unable to get the Government to drop the firearms charge, but that the agreed-upon sentence would nevertheless effectively remain at 15 years. *Id.* at 18-21. Ligon asserted that, immediately

4

prior to his plea hearing, he asked his attorney to file a notice of appeal based on the fact that the firearms charge was included in the plea agreement. *Id.* at 26-28.

On cross examination, Ligon affirmed that he was aware he was pleading guilty to both the conspiracy charge and the firearms charge at the time he entered into the plea agreement, and he still willingly pled guilty due to the favorable terms of the agreement. *Ligon III*, at ECF No. 37 at 39-40. Ligon further affirmed that he was aware by pleading guilty he could avoid the possibility of the Government charging him with a violation of § 924(c), or filing for an enhancement under § 851, both of which would have increased the sentence range to which he was exposed. *Id.* at 41-42, 53-54, 58. Ligon's attorney testified that he did not recall Ligon asking for a notice of appeal to be filed, and if Ligon had made such a request, the attorney would have filed a notice of appeal. *Id.* at 69.

On July 2, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Ligon's § 2255 petition be denied. *Id.* at ECF No. 51. The R&R based this determination on inconsistencies between Ligon's statements at the evidentiary hearing and assertions he made in pleadings before the Court and because (i) Ligon's asserted reason for requesting an appeal was not credible based on the record, and (ii) Ligon knew that his attorney did not file an appeal as early as October 2012, but took no action regarding this failure until filing the § 2255 petition approximately nine months later. *Id.* at 4-7. On September 30, 2015 the Sentencing Court adopted the R&R and dismissed Ligon's § 2255 petition. *Ligon III*, at ECF No. 53.

In December 2015, Ligon submitted a motion he entitled Motion to Reduce Sentence - ACCA Residual Clause Under *Johnson,* in which he argued that the Supreme Court of the United States' ("Supreme Court") decision in *Freeman v. United States*, 564 U.S. 522 (2011), established that his sentence could be reduced despite his binding plea

5

agreement. *Ligon I,* No. 3:11-cr-00012-17 at ECF No. 2729 at 1-2. On May 12, 2016, the Sentencing Court appointed the Federal Public Defender's Office to represent Ligon in his attempt to reduce his sentence. *Id.* at ECF No. 2774. On July 21, 2017, the Sentencing Court rejected Ligon's motion for a sentence reduction, finding that his sentence was not "based on" the applicable sentencing Guidelines as required for Ligon to be eligible for relief. *Id.* at ECF No. 2873 at 5.

On January 16, 2018, Ligon submitted the instant § 2241 petition. (ECF No. 1). In the petition, Ligon argues that he is entitled to relief because he is "actually innocent" of his conviction under § 924(c). Ligon states that his guilty plea was involuntary as the Sentencing Court failed to explain to him that the mere possession of a gun on the same premises as a drug transaction was insufficient, as a matter of law, to sustain a conviction under § 924(c). (*Id.* at 2-3). Ligon requests that this Court vacate his firearms conviction. (*Id.* at 1).

On April 6, 2018, Respondent submitted a Response to Order to Show Cause, seeking dismissal of Ligon's petition. (ECF No. 10 at 1). Respondent argues that Ligon's petition—which challenges the validity of his conviction rather than the execution of his sentence—should have been filed under § 2255, not § 2241. Respondent contends that this Court lacks jurisdiction over Ligon's § 2255 motion and must either transfer it, or dismiss it outright. (*Id.* at 2-3). Respondent asserts that the petition should be dismissed rather than transferred, because Ligon's claim is clearly meritless given that he was never convicted of violating § 924(c). (*Id.* at 4). Ligon did not file a response to Respondent's request for dismissal.

## II.   Discussion

Despite the title he affixes to his petition, Ligon unequivocally challenges the

6

validity of his conviction and sentence, not the execution of his sentence. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus under § 2241. The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and

(3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The Fourth Circuit in *Wheeler* held that the requirements of the savings clause are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed.Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed.Appx. 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

**1. Governing law**

Ligon was convicted in the Middle District of Tennessee which sits within the Sixth Circuit. As he is currently incarcerated within the Southern District of West Virginia, he filed the instant § 2241 petition in this Court. Courts in this circuit considering similar cases have generally found "that the substantive law relevant to a § 2241 petition is that

of the circuit in which the petitioner was convicted." *Chaney v. O'Brien*, No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007), *aff'd,* 241 F. App'x 977 (4th Cir. 2007). "Application of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). Moreover, applying the law of the court of confinement would result in the choice of law being based "on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." *Chaney,* No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *3 (internal quotation omitted). This could result in inequitable outcomes such as co-defendants convicted of the exact same crimes receiving different relief based on the location of their confinement. *Id.* For these reasons, when analyzing a federal inmate's § 2241 petition, courts in this circuit have generally applied the substantive law of the court of conviction when it differs from the substantive law of the reviewing court's circuit. *See Eames v. Jones,* 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) ( finding that "the substantive law of the circuit where a [p]etitioner was convicted controls his habeas petition."); *see also Bender v. Carter*, No. 5:12CV165, 2013 WL 5636745, at *2 (N.D.W. Va. Oct. 15, 2013), *aff'd*, 564 F. App'x 694 (4th Cir. 2014) (finding that the substantive law of the court of conviction should apply to § 2241 petition, but procedural law of reviewing court should govern its application); *Morgenstern v. Andrews*, No. 5:12-HC-2209-FL, 2013 WL 6239262, at *3 (E.D.N.C. Dec. 3, 2013), *aff'd*, 569 F. App'x 158 (4th Cir. 2014) ("Thus, the court finds that the Eleventh Circuit's substantive law governs the 'savings clause' analysis in this action."); *Perkins v. Vereen*, No. 8:19-CV-0047-MGL-JDA, 2019 WL 1411105, at *3 (D.S.C. Feb. 4, 2019), *report and recommendation adopted*, No. CV 8:19-0047-MGL, 2019 WL 1405824 (D.S.C. Mar. 28, 2019) (applying the substantive law

9

of the court of conviction to a § 2241 petition).

The Fourth Circuit recently considered the issue when reviewing a § 2241 petition by a petitioner who was convicted in the Eleventh Circuit, but brought the petition in a federal district court in North Carolina due to his incarceration within the state. *See Moss v. Atkinson*, No. 18-6096, 2019 WL 1766996, at *1 (4th Cir. Apr. 19, 2019) (unpublished). The Fourth Circuit determined that the petitioner could not meet the savings clause requirement "because his sentence is still legal under Eleventh Circuit law." *Id.* at *2. The Fourth Circuit went on to note that "[t]his court has not definitively resolved whether a petitioner sentenced out of circuit must show that his sentence is illegal under the sentencing circuit's law or our circuit's law," but determined, without expressly deciding the issue, that in the case before it the Eleventh Circuit's substantive law should apply because the parties agreed Eleventh Circuit law should apply, and "applying our court's substantive law likely wouldn't change the outcome." *Id.* at *2 n.1.

While courts in this circuit that have analyzed claims brought by petitioners convicted in a different circuit have generally applied the substantive law of the court of conviction, they have continued to apply the procedural law of the Fourth Circuit. *See Bender*, No. 5:12CV165, 2013 WL 5636745, at *2 (rejecting the petitioner's argument that the court erred by employing *Wheeler* when determining whether the petitioner met the savings clause requirements); *Moss,* No. 18-6096, 2019 WL 1766996, at *2 (applying Eleventh Circuit substantive law, but using the *Wheeler* test to determine whether the petitioner met the savings clause). Accordingly, the undersigned will consider Ligon's § 2241 petition under the substantive law of the Sixth Circuit, while applying the procedural law of the Fourth Circuit.

**2. Ligon is not entitled to use the savings clause**

Ligon argues that his conviction under § 924(c) should be invalidated. In order to raise this claim in a § 2241 petition, he must show that a subsequent change in the law has rendered his conviction illegal. *See Jones*, 226 F.3d at 333-34. Ligon does not point to any substantive change in the law that renders his conviction, while legal at the time it was imposed, now illegal. His argument is instead that he should never have been convicted of the crime in the first place, because the Sentencing Court did not adequately appraise him of the law regarding § 924(c) convictions as it then existed. (ECF No. 1 at 2). This argument must be brought under § 2255 as it does not meet the savings clause requirement of § 2241. *See e.g. Santillana v. Collins*, No. 5:14-CV-12474, 2015 WL 852328, at *4 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, No. 5:14-CV-12474, 2015 WL 852335 (S.D.W. Va. Feb. 26, 2015) (actual innocence claim must be brought under § 2255 not § 2241 where petitioner argued that he was mistakenly found guilty, not that an intervening change of law made him innocent); *see also Jones v. Johnson,* No. 1:15-CV-14845, 2017 WL 2240572, at *3 (S.D.W. Va. Feb. 24, 2017), *report and recommendation adopted sub nom., Jones v. Zuniga*, No. CV 1:15-14845, 2017 WL 2234186 (S.D.W. Va. May 22, 2017) (§ 2241 actual innocence claim must be based on an intervening change in substantive law); *Paige v. Holt*, 150 Fed.Appx. 141, 142 (3d Cir. 2005) (unpublished) ("His claims of actual innocence and improper sentencing place his petition squarely within the scope of § 2255."). Therefore, the undersigned **FINDS** that Ligon's claim of actual innocence does not meet the requirements of the savings clause and that, consequently, this Court lacks jurisdiction over his claim.

### *B. The Petition as a § 2255 Motion*

Inasmuch as Ligon's claims are not properly brought under § 2241, his petition

"must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Ligon's action, then he will be required to pursue his claim in the United States District Court for the Middle District of Tennessee. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Ligon's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Ligon's apparent lack of authorization from the Sixth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Sixth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). In contrast, the Sixth Circuit—the court to which this case would be transferred—does have a blanket policy requiring its district courts to transfer all successive § 2255 motions, so that the Sixth Circuit may decide the issue of preauthorization. *United States v. Gastelum-Lara*, 478 Fed.Appx. 303, 305 (6th Cir. 2012); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Berry v. United States*, No. 05-cr-20048, 2014 WL 6668488, at *2 (E.D. Mich. Nov. 24, 2014). However, as noted above, this Court continues to be governed by Fourth Circuit precedent regarding procedural matters.

      For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-

filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Ligon's claim, it appears that a transfer is not warranted because Ligon does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

Ligon's petition does not identify new evidence or a new rule of constitutional law made retroactive to cases on collateral review, as required under § 2255(h). In any event, his petition faces a more fundamental hurdle in that, as Respondent points out, Ligon was ***not*** convicted under § 924(c). Section 924(c) imposes a five-year mandatory minimum sentence when, "during and in relation to any crime of violence or drug trafficking crime," a person uses, carries, or possesses a firearm in furtherance of that crime. 18 U.S.C.A. § 924(c)(1)(A)(i). Section 924(c) further states that any enhancement provided by the subsection may not run concurrently with any other sentence imposed, including that for the underlying drug crime or crime of violence. 18 U.S.C.A. § 924(c)(1)(D)(ii). In contrast, Ligon was convicted of violating § 922(g)(1), which prohibits convicted felons from possessing firearms. *Ligon II,* No. 3:12-cr-00167-1 at ECF No. 13; 18 U.S.C.A. § 922(g)(1). Accordingly, as Ligon's challenge is to a crime for which he was not convicted, there simply is no judicial relief available to Ligon in any jurisdiction or court based on this challenge.

Ligon attacks the validity of his plea. A plea of guilty is valid only if, the plea is "entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). "[A] a guilty plea is involuntary where the defendant lacks knowledge of one

14

of the elements required for conviction." *In re Hanserd*, 123 F.3d 922, 926 (6th Cir. 1997) (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)). Accordingly, a guilty plea is involuntary when a defendant did not "'correctly underst[and] the essential elements of the crime *with which he was charged.*'" *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)) (emphasis added).

Ligon makes no claim that the Sentencing Court failed to adequately inform him of the essential elements of § 922(g)(1). Because Ligon was neither charged, nor convicted of violating § 924(c), the Sentencing Court had no obligation to explain the elements of a charge under that statute. As such, Ligon's claim does not implicate the validity of his guilty plea. Therefore, the undersigned **FINDS** that transfer of Ligon's petition based on his claim that he is actually innocent of a crime for which he was not convicted would be frivolous.

### III.  Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Ligon's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 10), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 1, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge